**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **STEPHEN A. BEIGHTLER,** | ) | **CASE NO. 3: 20 CV 1547** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STATE OF OHIO,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

*Pro se* Petitioner Stephen Beightler ("Beightler") has filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)   His sole asserted basis for his Petition is that the Ohio Court of Appeals denied a motion he made to dismiss his appointed counsel and to proceed *pro se* in a criminal case, in violation of his rights under the Sixth Amendment.  He asks this Court to vacate the opinion of the Ohio Court of Appeals in his criminal case.

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  If so, the court must summarily dismiss the petition.  *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

This Petition must be summarily dismissed.

An application for a writ of *habeas corpus* under § 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State."  28

U.S.C. §2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*).  This requires a petitioner to give "the highest court in the state in which [he] was convicted" a "full and fair opportunity" to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The Petition on its face, indicating only the Ohio Court of Appeals denied a motion Petitioner made to dismiss his appointed counsel, indicates he has not fully exhausted his claim in the Ohio courts because it does not demonstrate that he has afforded the Ohio Supreme Court, the highest court in the state, a full and fair opportunity to rule on his claim.

Accordingly, regardless of the potential merits of Petitioner's claim under the Sixth Amendment, as to which this Court expresses no opinion, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases for failure to fully exhaust state-court remedies.  The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Federal Appellate Rule 22(b).

IT IS SO ORDERED.


   s/*Dan Aaron Polster*   August 10, 2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE